## DAN MORRIS v. THE STATE.

### No. 4476. Decided October 24, 1917.

**1.—Assault With Intent to Rape—Temporary Insanity—Charge of Court—Ardent Spirits—Penalty.**

Where, upon trial of assault with intent to rape, the evidence raised the issue of temporary insanity resulting from the recent voluntary use of ardent spirits, while not authorizing an acquittal, the same required the court to submit a requested charge that temporary insanity so produced might be considered by the jury in mitigation of the penalty, as provided under article 41, Penal Code, the penalty assessed being considerably above the minimum. Following Lawrence v. State, 157 S. W. Rep., 480, and other cases.

**2.—Same—Suspended Sentence—Charge of Court—Harmless Error.**

While the charge of the court on suspended sentence was erroneous, yet in view of the fact that the penalty assessed was beyond the limit of the statute relating to suspended sentence, the same was harmless error.

**3.—Same—Reputation—Cross-examination—Rule Stated.**

Inquiry of a character witness, on cross-examination, to develop the soundness of his judgment and the date upon which it is founded is permissible. Following Holloway v. State, 45 Texas Crim. Rep., 303.

**4.—Same—Accomplice Testimony—Charge of Court—Compounding Crime.**

Evidence relating to the willingness of witnesses to compound the crime did not require a charge on accomplice testimony. Following Burge v. State, 73 Texas Crim. Rep., 505.

Appeal from the District Court of Erath. Tried below before the Hon. J. B. Keith.

Appeal from a conviction of assault with intent to rape; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*Chandler & Chandler* and *J. R. Stubblefield*, for appellant.—On question of accomplice testimony: Harrison v. State, 153 S. W. Rep., 139; Blakely v. State, 24 Texas Crim. App., 616.

On question of charge on suspended sentence: Onstott v. State, 170 S. W. Rep., 301.

*E. B. Hendricks*, Assistant Attorney General, for the State.—On question of recent use of intoxicating liquor and temporary insanity: Baldwin v. State, 148 S. W. Rep., 312; Johnson v. State, 193 S. W. Rep., 674; Evers v. State, 31 Texas Crim. Rep., 318; Little v. State, 42 id.,

551; Clore v. State, 26 Texas Crim. App., 629; Lucas v. State, 155 S. W. Rep., 527; Truett v. State, 168 S. W. Rep., 525.

On question of accomplice: Chitister v. State, 33 Texas Crim. Rep., 635; Chenault v. State, 46 id., 355.

MORROW, JUDGE.—Conviction was for the offense of assault with intent to rape, and punishment assessed at confinement in the penitentiary for a term of six years.

The subject of the assault was Myrtle Cook. The evidence justifies the conclusion reached by the jury.

One of the complaints is based upon the refusal of the court to give a special charge under article 41 of the Penal Code with reference to the consideration by the jury of evidence of temporary insanity, if any, produced by the use of ardent spirits in mitigation of the penalty. The statute in question is as follows: "Neither intoxication nor temporary insanity of mind, produced by the voluntary recent use of ardent spirits, shall constitute any excuse in this State for the commission of crime, nor shall intoxication mitigate either the degree or the penalty of crime, but evidence of temporary insanity produced by such use of ardent spirits may be introduced by the defendant in any criminal prosecution in mitigation of the penalty attached to the offense for which he is being tried, and, in cases of murder, for the purpose of determining the degree of murder of which the defendant may be found guilty. It shall be the duty of the several district and county judges of this State, in any criminal prosecution pending before them, where temporary insanity is relied upon as a defense and the evidence tends to show that such insanity was brought about by the immoderate use of intoxicating liquors, to charge the jury in accordance with the provisions of this article." There was evidence that appellant assaulted Myrtle Cook with intent to ravish her on the morning of June 9th. After the alleged assault his team ran away with him, his buggy turned over, and that he got up and walked away without speaking to anyone, leaving his horses and buggy and spending the remainder of the day lying under a hay stack. There was evidence that on the morning before the alleged assault appellant was drinking. He bore the reputation of a man who drank to excess and was violent when under the influence of liquor. Negotiations took place between Myrtle Cook and her husband and the attorney for appellant looking to a settlement which would dispose of the prosecution. There was an issue of fact as to the purpose and motive of the respective parties to this transaction. It appeared without dispute that in the course of it a writing was drawn up by the attorney for the appellant in the presence of Mr. and Mrs. Cook in which there were certain recitals of fact which they both assented to and asserted were correct. The document containing these recitals was introduced by the State without limitation upon its effect, and therein it was stated as a fact that at the time of the assault appellant was drunk and crazy; that prior thereto he was in distress of mind owing to a divorce proceeding brought against him

by his wife; and that he had been constantly and excessively drinking for thirty-six hours prior to the assault. The statute quoted made it incumbent upon the court, especially where requested by the appellant, to tell the jury in effect that neither intoxication or temporary insanity resulting from the recent voluntary use of ardent spirits would authorize an acquittal, but that temporary insanity so produced might be considered by them in mitigation of the penalty. With the document introduced containing the recitals of fact mentioned, verified as they were by the testimony of Cook and wife, we are not prepared to say that there was no evidence of temporary insanity produced by the recent use of intoxicating liquor. Particularly is this true when these statements are considered in connection with other facts recited bearing upon that issue. We are, therefore, of the opinion that the special charge should have been given; and in view of the fact that the penalty assessed was considerably above the minimum we think its refusal was so prejudicial to appellant as to require a reversal. Lawrence v. State, 157 S. W. Rep., 480; Massey v. State, 31 Texas Crim. Rep., 381; Truett v. State, 74 Texas Crim. Rep., 284, 168 S. W. Rep., 525.

The other bills do not present reversible error.

The charge on suspended sentence was erroneous in predicating the authority to recommend suspension upon proof that appellant "merited it," but in view of the fact that the penalty assessed was beyond the limit touched by article 865d, relating to the suspended sentence, the error was not reversible.

The inquiry by appellant with reference to his reputation was so broad as to justify cross-examination developing the knowledge of appellant's witnesses as to appellant's reputation for peace and quietude when under the influence of intoxicating liquor. Particularly was this true when, as above indicated, the use of intoxicating liquor by appellant was one of the defensive issues in the case. Inquiry of a character witness on cross-examination to develop the soundness of his judgment and the data upon which it is founded is permissible. Rice on Crim. Ev., sec. 376; Holloway v. State, 45 Texas Crim. Rep., 303; Wharton on Crim. Ev., p. 157, secs. 487-490; Wigmore on Evidence, sec. 988.

The evidence introduced relating to the willingness of Cook and wife to compound the crime did not require a charge on accomplice testimony. The point has been decided against appellant's contention in Burge v. State, 73 Texas Crim. Rep., 505, and the decisions of this court therein referred to.

Because of the error pointed out the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*